UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| CORY L. LEE ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 12-CV-2184 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**OPINION**

On July 20, 2012, Petitioner filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (#1). On August 9, 2012, the Government filed its Response (#3). On August 27, 2012, Petitioner filed his Reply (#4) (self-styled "Traverse"). The court has reviewed the briefs submitted. Following this careful review, Petitioner's Motion (#1) is DENIED. Further, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED.

**Analysis**

*Background*

On January 4, 2011, Petitioner was charged by indictment with knowingly and intentionally possessing 28 or more grams of a mixture and substance containing cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (11-CR-20001, #1). On September 12, 2011, Petitioner entered into an open plea. On January 30, 2012, judgment was entered against Petitioner and he was sentenced to imprisonment for a term of 200 months. (11-

CR-20001, #29). On July 20, 2012, Petitioner filed the present Motion to Vacate, Set Aside, or Correct Sentence (#1). On August 9, 2012, the Government filed its Response (#3). On August 27, 2012, Petitioner filed his Reply (#4).

*Ineffective assistance of counsel*

Petitioner argues that his Sixth Amendment right to effective assistance of counsel was violated. To succeed on a claim for ineffective assistance of counsel, Petitioner must show both that his attorney's performance was objectively deficient by falling outside the wide range of competent representation and that he was prejudiced by the incompetent representation. *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011), *citing Strickland v. Washington*, 466 U.S. 668, 687–96 (1984). To establish prejudice, the petitioner must show that there is a reasonable probability that, but for his counsel's mistakes, the result of the trial would have been different. *Strickland*, 466 U.S. at 694. If a petitioner fails to satisfy one of the two prongs, the court need not reach the merits of the second prong. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course may be followed. *Id*. Similarly, the "[f]ailure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel." *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996)

*Insufficiency of the evidence*

Although unclear, it appears that Petitioner first argues that he was convicted of a "nonexistent offense" because *DePierre v. U.S.*, 131 S.Ct. 2225 (2011), narrowed the statute by decriminalizing the possession of cocaine base with an intent to distribute, and that defense

counsel should have moved to dismiss the indictment. Or perhaps Petitioner is attempting to argue that the indictment was materially defective because it did not specify that the substance containing cocaine base also necessarily included alkaloid cocaine. Petitioner argues that

> The Supreme Court in DePierre, in addition to giving a clear settled meaning of the term "cocaine base", as used in 21 USC § 841, also explicitly interpreted that statutory construction involving offenses and punishment surrou[n]ding §84l(b)(1)(A)(iii) & (B}(iii), held that: "clause (iii)[1] imposes a penalty for offenses involving cocaine related substances generally, and clause (iii) imposes a higher penalty for a subset of those substances--the ones that contain cocaine base."
>
> The Supreme Court in narrowing the Petitioner statute of conviction also explicitly stated that, it not Congress' intent to state an offense involving "a mixture or substance containing a detectable amount of cocaine base", as a stand alone offense and punishment thereby without referencing and including the necessary statutory ingredients and elements of the substances described in clause (ii), as the subset subset of substances, which are required to contain "cocaine base" as used in the statute.
>
> The Petitioner was charged in his Indictment and eventually convicted of a "null" set of substances, i.e, "Conspiracy or Possession with Intent to Distribute a 'mixture and/or substance containing a detectable amount of cocaine base'" that did not in the charging document, stated the necessary subset of substances described in clause (ii). This was a fatal defect in this case, and in light of DePierre, was not Congress' intent to criminalize or punish the Petitioner from an Indictment that failed in light of DePierre, to include the required necessary ingredients and essential elements to properly state a Federal Charge or Violation under Title 21, U.S.C.§ 84l(a).

(#1 p. 5(a)).

Petitioner misunderstands *DePierre*. *DePierre* did not narrow the scope of § 841(b)(1); on the contrary, it broadened it. *DePierre*, 131 S. Ct. at 2231. The only holding in *DePierre* is that "the term 'cocaine base' as used in § 841(b)(1) means not just 'crack cocaine,' but cocaine in its chemically basic form." *Id.* at 2237. Petitioner appears to have overlooked the counterfactual subjunctive tense used in the hypothetical from which he has adopted the above

---

[1] As in original. Probably should be "(ii)".

language. Section 841(b)(1)(B) provides a statutory sentence range of 5 to 40 years for certain drug offenses involving

> (ii) 500 grams or more of a mixture or substance containing a detectable amount of--
>     (I) coca leaves, except coca leaves and extracts of coca leaves from which cocaine, ecgonine, and derivatives of ecgonine or their salts have been removed;
>     (II) cocaine, its salts, optical and geometric isomers, and salts of isomers;
>     (III) ecgonine, its derivatives, their salts, isomers, and salts of isomers; or
>     (IV) any compound, mixture, or preparation which contains any quantity of any of the substances referred to in subclauses (I) through (III);
> (iii) 28 grams or more of a mixture or substance described in clause (ii) which contains cocaine base….

21 U.S.C. § 841(b)(1)(B). The pertinent portion of *DePierre* reads as follows:

> The word "cocaine" in subclause (II) [*sic*] also performs another critical function. Clause (iii) penalizes offenses involving "a mixture or *substance described in clause (ii) which contains* cocaine base." §§ 841(b)(1)(A)(iii), (B)(iii) (emphasis added). In other words, clause (ii) imposes a penalty for offenses involving cocaine-related substances generally, and clause (iii) imposes a higher penalty for a subset of those substances—the ones that "contai[n] cocaine base." For this structure to work, however, § 841(b)(1) must "describ[e] in clause (ii)" substances containing chemically basic cocaine, which then comprise the subset described in clause (iii). If such substances were not present in clause (ii), clause (iii) would only apply to substances that contain both chemically basic cocaine and one of the *other* elements enumerated in clause (ii). Presumably, the result would be that clause (iii) would not apply to crack cocaine, freebase, or coca paste offenses, as there is no indication that, in addition to "cocaine base" (*i.e.,* $C^{17}H^{21}NO^{4}$), those substances contain cocaine "salts" (*e.g.,* cocaine hydrochloride), ecgonine, or any of the other elements enumerated in clause (ii). In short, the exclusion of "cocaine" from clause (ii) would result in clause (iii) effectively describing a null set, which obviously was not Congress' intent.

*DePierre*, 131 S. Ct. at 2233 (emphasis in original). Petitioner appears to have read this passage as requiring one element from clause (ii) *and* one element from clause (iii), either in the indictment or in the conviction. But this is not what the passage requires. All the portions to which Petitioner refers are under the guise of a counterfactual hypothetical as demonstrated by the key words "if", "would", and "presumably". They therefore do not constitute holdings.

Rather, "Congress' choice to use the admittedly redundant term 'cocaine base' to refer to chemically basic cocaine is best understood as an effort to make clear that clause (iii) does not apply to offenses involving powder cocaine or other nonbasic cocaine-related substances." *DePierre,* 131 S. Ct. at 2232.

When other defendants and prisoners have attempted to read additional meaning into *DePierre*, those courts have affirmed that the opinion is limited to only broadening the definition of "cocaine base".[2] This court also finds that *DePierre* does not effectuate any change to either the criminalization imposed by § 841(b)(1)(B), or the pleading or proof that the Government must sustain. Here, Petitioner entered an open guilty plea on his § 841(a)(1) charge in the indictment, thereby stipulating that he had possessed cocaine base with the intent to distribute. (Minute Entry of September 12, 2011; #1). Because Petitioner's argument is based on an incorrect reading of the opinion, there would be no prejudice to him for his counsel's failure to raise a losing argument. Accordingly, defense counsel did not provide ineffective assistance on this ground.

---

[2] *E.g.*, *United States v. Cline*, CIV. 12-4071-SAC, 2012 WL 2395261 (D. Kan. June 25, 2012) ("The Court in *DePierre* simply held that "the term 'cocaine base' as used in § 841(b)(1) means not just 'crack cocaine,' but cocaine in its chemically basic form."); *United States v. Dewitt*, 3:98-CR-081, 2012 WL 2601883 (S.D. Ohio July 5, 2012) *report and recommendation adopted,* 3:98-CR-081, 2012 WL 4504606 (S.D. Ohio Sept. 28, 2012) (noting that *DePierre* "broadened the interpretation of the statute rather than narrowing it."); *Ford v. Keffer*, 4:11-CV-718-Y, 2012 WL 112902 (N.D. Tex. Jan. 5, 2012) *report and recommendation adopted,* 4:11-CV-718-Y, 2012 WL 112900 (N.D. Tex. Jan. 12, 2012) *aff'd,* 486 F. App'x 428 (5th Cir. 2012) ("*DePierre,* however, was narrow… the question presented in *DePierre* was whether the text of former 21 U.S.C. § 841(b)(1) (A)(iii)… encompasses solely crack cocaine or any form of cocaine in its 'basic form.'"); *Wheeler v. United States*, 1:99CV272, 2012 WL 3151381 (W.D.N.C. Aug. 2, 2012) ("While defining the term 'cocaine base,' *DePierre* does not address or specify the type of proof the Government must use to prove a distribution of cocaine base violation."); *Harden v. Sepanek*, 12-CV-23-HRW, 2012 WL 4801512 (E.D. Ky. Oct. 9, 2012) ("the Supreme Court in *DePierre* expressly refused to limit the scope of Section 841(b)(1) to 'crack' cocaine, instead reaffirming its broad application to all forms of 'cocaine base.'"); *Cutshaw v. United States*, 2:09-CR-117, 2012 WL 2507514 (E.D. Tenn. June 28, 2012) ("*DePierre,* the holding of which is decidedly narrow, does not address the type of proof the government must use to prove that the offense involved 'cocaine base.' *DePierre* merely defines the term 'cocaine base.'").

*Career offender enhancement*

Second, Petitioner claims that defense counsel provided ineffective assistance by failing to argue that his prior state conviction of possession of cannabis with intent to distribute did not constitute a felony drug offense, and therefore should not have been used to enhance his sentence under the Career Offender designation. (#1 p. 6). Petitioner argues that *United States v. Simmons,* 649 F.3d 237, 243 (4th Cir. 2011), bars his prior conviction from qualifying him as a career offender because a court is not permitted to look at the hypothetical maximum sentence he could have received for the enhancement conviction, but rather, is required to look at the sentence actually received, and he received a sentence of exactly one year for that conviction.

This court disagrees. The career offender enhancement applies if, among other requirements, "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Commission Guidelines §4B1.1(a). A "prior felony conviction" means "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony *and regardless of the actual sentence imposed*." U.S. Sentencing Commission Guidelines §4B1.2, Application Notes (emphasis added). *See also* 21 U.S.C. § 802(44) ("The term 'felony drug offense' means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State….".).

This language directly contradicts Petitioner's assertion. As long as the offense is *punishable* by a term exceeding one year—that is, capable of being punished, rather than being actually punished—the conviction may be applied toward the career offender enhancement. Petitioner was convicted of possession with intent to deliver more than 10 grams, but not more

than 30 grams of cannabis, 720 ILCS 550/5(c), which is a Class 4 Felony, punishable by a term of not less than one year and not more than three years, 730 ILCS 5/5-4.5-45. Petitioner was sentenced to one year. (#27 ¶ 33). Regardless of his actual sentence of exactly one year, a Class 4 Felony in Illinois is *punishable* by a sentence of one to three years. Any argument that defense counsel could make on these grounds would not succeed, and thus, no prejudice would result. Accordingly, defense counsel did not provide ineffective assistance on this ground, either.

As defense counsel is not required to raise a losing argument, and because both arguments are without merit as a matter of law, Petitioner cannot sustain his claim that defense counsel provided ineffective assistance. Petitioner's Motion is therefore DENIED.

**Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case. For a certificate of appealability to be issued, Petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This court concludes that jurists of reason would not find it debatable whether Petitioner's Motion states a valid claim of the denial of a constitutional right and also concludes that jurists of reason would not find it debatable that this court correctly found that because *DePierre* does not apply to his situation and that his career offender enhancement was correct, that defense counsel's representation was not ineffective.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. §2255 (#1) is DENIED.

(2) A certificate of appealability is DENIED.

(3) This case is terminated.

ENTERED this 18th day of April, 2013

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U. S. DISTRICT JUDGE